UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NERI REYNALDO MORALES,

Petitioner,

Case No. 2:26-cv-2361-KCD-NPM

v.

WARDEN DAVID HARDIN,
ACTING SECRETARY
MARKWAYNE MULLIN,
ATTORNEY GENERAL TODD
BLANCHE,

Respondents.
___________________________________/

**ORDER**

The Court previously granted partial habeas relief and ordered the Government to provide Petitioner Neri Reynaldo Morales with a bond hearing under 8 U.S.C. § 1226(a).[1] The Government did exactly that—it scheduled a hearing before an immigration judge, who ultimately denied bond. (Doc. 6-1 at 17.) Morales is now back, asking the Court to release him or order a new bond hearing. (Doc. 1.) The Government opposes the petition. (Doc. 6.)

Here is the unavoidable problem: this is not an immigration court of appeals. Congress could not have been clearer when it wrote 8 U.S.C. §

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

1226(e), explicitly stripping federal courts of authority to review "a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [an alien's] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). This provision closes the door on judicial review of the executive branch's discretionary detention choices. *Id.* at 295. While federal courts may retain a narrow window to address colorable constitutional claims, a litigant cannot bypass that boundary simply by slapping a constitutional label on what is a factual grievance. *See Mayorga v. Meade*, No. 24-CV-22131, 2024 WL 4298815, at *8 (S.D. Fla. Sept. 26, 2024) ("[T]his Court does not have jurisdiction to review the decision of the immigration judge to deny Petitioner bond[.]").

Morales's motion is an invitation for this Court to reweigh the facts from the bond hearing and reach a different result. He claims the immigration judge emphasized certain evidence and employed "flawed reasoning." (Doc. 1 at 2-3.) But that is exactly the kind of factual second-guessing § 1226(e) prohibits. This Court cannot substitute its own assessment of flight risk or community danger. Our job was to ensure that Morales received the required statutory process, not to guarantee him a winning outcome. Because he received that process, his remedy for any perceived error lies with an appeal to the Board of Immigration Appeals, not

a motion to enforce here. *See, e.g.*, *Chox v. Hardin*, No. 2:26-cv-165-JES-DNF, Doc. 17 at 2 (M.D. Fla. Mar. 24, 2026).

The only cognizable argument Morales offers is that the Government should have borne the burden of proof at the bond hearing. (Doc. 1 at 10); *See Hernandez Garcia v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-02065-SPC-NPM, 2026 WL 1953128, at *1 (M.D. Fla. July 7, 2026) (explaining that § 1226(e) not strip courts of jurisdiction to consider bona fide constitutional claims regarding the framework of the detention). But this point is made in passing and without any factual or legal development. "This Court cannot and will not fill in the blanks for an argument that plaintiffs have not developed." *Selman v. CitiMortgage, Inc.*, No. CIV.A. 12-0441-WS-B, 2013 WL 838193, at *15 n.24 (S.D. Ala. Mar. 5, 2013).

Because Morales has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on August 28, 2026.



Kyle C. Dudek
United States District Judge